By _____
(Deputy Clerk)

UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

JOJI OMINO TAGUCHI, PONCIANO )    CIVIL ACTION NO. 86-0003
R. EUSEBIO for and in behalf )
of HAIDEE EUSEBIO (a minor), )
ROMEO C. PAGAPULAR for and in )
behalf of JOSE ROCELITO G. )
PAGAPULAR, CATHERINE G. )
PAGAPULAR, RANDY G. PAGAPULAR, )
and CHARLENE G. PAGAPULAR (all )
minors), EVELYN C. ARRIOLA, )
CRISTINA C. ARRIOLA, and )
PERPETUA V. ARRIOLA for and )
in behalf of ANTONIO C. )
ARRIOLA, MARITES C. ARRIOLA )
(all minors), JESUS M. QUIBLAT, )
and TAKASHI TAGUCHI for and )
in behalf of ROBERT TAGUCHI )
(a minor), )                       DECISION
                             )
         Plaintiffs, )
                             )
         vs. )
                             )
GOVERNMENT OF THE COMMONWEALTH )
OF THE NORTHERN MARIANA )
ISLANDS, and IMMIGRATION AND )
NATURALIZATION OFFICE, )
                             )
         Defendants. )
_____ )

Defendants' motion for judgment on the pleadings was heard on March 14, 1986. After consideration of the briefs and papers filed and after listening to the arguments of counsel in support of their respective positions, the Court hereby renders the following decision.

Plaintiffs' complaint asks this Court to reevaluate its decision in Pangelinan, et al. v. Government of the Northern Mariana Islands, Civil Action No. 85-0022. In that case, the

519

Court found that Constitutional Amendment No. 44 proposed by the Second Northern Marianas Constitutional Convention and certified as having been adopted by referendum, was an act beyond the scope and powers of the Convention and the voters to enact.

Plaintiffs argue that:

1. Amendment 44 is constitutional;

2. The Second Constitutional Convention had the authority to propose amendments to Section 8 of the Schedule on Transitional Matters and, therefore, Amendment 44 was not an ultra vires act; and

3. This Court should invalidate the judgment in Pangelinan, et al. v. GNMI, on the basis that it was the product of collusion between counsel for the Plaintiffs and counsel for the Defendants.

Defendants' Motion for Judgment on the Pleadings requests invalidation of Amendment 44, and dismissal of Plaintiffs' action.

### DISCUSSION

While the Court will, and has in the past, reversed itself where it feels that it was wrong in a previous decision, the Court, after having taken a fresh look at the issue of the validity or invalidity of Amendment 44 is not persuaded that its decision in Pangelinan was in error.

Plaintiffs' first claim is that Amendment 44 is constitutional. Even assuming that this be true, it is not relevant to the disposition of this motion. The Court found that the Schedule of Transitional Matters was not and is not part of

520

the Constitution of the Northern Mariana Islands and was beyond the power of the Second Constitutional Convention to amend.

The Second Constitutional Convention was authorized to propose amendments to the Constitution of the Northern Mariana Islands. Amendment 44, on the contrary, proposes to amend Section 8 of the Schedule on Transitional Matters. The Schedule on Transitional Matters contains transitional provisions which "remain in effect until their terms are executed". The Attorney General is authorized to review the provisions yearly and certify to the Governor which have been executed. Without reviewing at this time all the authorities relied on by this Court in deciding in Pangelinan, et al. v. GNMI that Amendment 44 was ultra vires, the Court notes that the introductory language from the Schedule itself makes the Schedule transitional and that only the Attorney General has the authority to act upon them and only to the extent of certifying those which have been executed.

The Schedule deals with and controls transitional matters from January, 1978, to the time the trusteeship is terminated, at which time the Northern Mariana Islands will become a full-fledged Commonwealth. It is an "attachment" to the Constitution. It is not part of the body of the Constitution which constitutes the permanent laws of the Commonwealth of the Northern Mariana Islands and which are subject to repeal or modification under the provisions of Article XVIII of the Northern Mariana Islands Constitution.

Amendment 44, being an attempt to amend a provision

AO 72
(Rev.8/82)

contained within the Schedule on Transitional Matters, is not in reality an amendment to the provisions contained in the Constitution nor is it an amendment to add to or delete from the body of the Constitution for which purposes the Convention was convened. It was an ultra vires act, performed beyond the authority, scope and powers of the Constitutional Convention. Amendment 44 was and is null and void and of no force and effect. This finding of ultra vires voids any necessity for determining whether Amendment 44 is or is not constitutional.

Plaintiffs' final claim is that the Opinion of the Court in Pangelinan, et al. v. GNMI was rendered, without jurisdiction because it was a friendly and non-adversary suit forbidden by Article III of the United States Constitution. Plaintiffs also argue that this suit was collusive because of the fact that both parties in that case argued that the Second Constitutional Convention had no authority to amend the Schedule on Transitional Matters, and that neither side presented the Court with authorities supporting the validity of Amendment 44.

The Court found a clear case or controversy in Pangelinan. The Plaintiffs' voting rights, for example, rested upon the interpretation and validity of Amendment 44. Neither was the suit a collusive one. ". . . it would be a curious result if, in the administration of justice, a person could be denied access to the Court because the Attorney General . . . agreed with the legal arguments asserted by the individual," (INO v. Chadha, 103 S.Ct. 2764 (1983)).

522

Pangelinan is dispositive of the issues in this case: Amendment 44 is null and void, and Section 8 of the Schedule on Transitional Matters remains unamended and in full force and effect.

Defendants' motion for Judgment on the Pleadings is hereby granted.

Judgment will be entered accordingly.

DATED this __16 th__ day of March, 1986.

_____

JUDGE ALFRED LAURETA